WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla Blackmore, et al., | No. CV-17-01137-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| G Brent Larson, et al., | |
| Defendant. | |

The Court has reviewed the parties' briefing concerning Defendants' "Motion to Dismiss Plaintiffs' First Amended Complaint with Prejudice" (Doc. 50).[1] For the reasons set forth herein, the Court will deny Defendants' Motion (Doc. 50).

## I. BACKGROUND

This is a personal injury action originally filed in the U.S. District Court, Central District of California. Upon Plaintiffs' unopposed Motion for Change of Venue, the case was transferred to the District of Arizona in April 2017. (Docs. 16, 21). In July 2017, the parties met and conferred in accordance with Federal Rule of Civil Procedure 26(f). (Doc. 38). The Court subsequently issued a Case Management Order (Doc. 39). The Court set April 2, 2018 as the discovery deadline. (*Id.* at 2).

On April 4, 2018, Defendants filed a Motion to Compel Discovery (Doc. 43) alleging that Plaintiffs failed to respond to discovery propounded in June 2017. Plaintiffs

---

[1] The parties agreed to the exercise of Magistrate Judge jurisdiction. (Doc. 31).

did not respond to the Motion to Compel. On April 26, 2018, the Court granted the Motion to Compel and ordered Plaintiffs to respond to the propounded discovery no later than May 4, 2018. (Doc. 48). It is undisputed that Plaintiffs did not respond to the discovery by this deadline.

Plaintiffs explain that Eva Hollands, who was the initial attorney assigned to the case, left the firm in December 2017. (Doc. 51 at 4). Purportedly, the case was not reassigned within the firm to Plaintiffs' current counsel of record, Joseph Wangler, until March 2018. (*Id.*). Mr. Wangler, explains that because he was not admitted to practice in the District of Arizona, he had to obtain *pro hac vice* admission before he could appear in the case. (*Id.* at 8). In his April 5, 2018 letter to defense counsel, Mr. Wangler states that "[d]ue to an internal miscommunication in [his] office," he had not formally sought *pro hac vice* admission to the District of Arizona, but anticipated that it would be done by the next day. (*Id.* at 67). Mr. Wangler's letter also addresses Defendants' Motion to Compel, conveying Plaintiffs' "position that the discovery requests in question were propounded improperly <u>before</u> the FRCP Rule 26 Initial Case Conference and the FRCP Rule 16(b) Scheduling Order." (*Id.*) (emphasis in original). Mr. Wangler then states that there is no issue with providing the discovery responses and that the responses are prepared, he is "just waiting on the pro hac application to be submitted . . . ." (*Id.*).

On May 9, 2018, Defendants filed the pending Motion to Dismiss (Doc. 50), which requests that the Court dismiss this action with prejudice as a sanction for Plaintiffs' alleged continued failure to respond to discovery. Plaintiffs have provided a copy of a May 9, 2018 letter from Ms. Hollands to defense counsel regarding the Motion to Dismiss. (Doc. 51 at 70-71). In her letter, Ms. Hollands notes that Mr. Wangler "is still waiting for documentation from the Central District of California in order to complete the *pro hac* vice process." (*Id.* at 71). Ms. Hollands' letter states that Plaintiffs' discovery responses are enclosed. (*Id.*). On May 21, 2018, Mr. Wangler wrote defense counsel, explaining that his application for *pro hace vice* admission was approved and that he has caused Plaintiffs' discovery responses to be re-generated under

his name and signature. (*Id.* at 73). Mr. Wangler's letter also states that he is producing to defense counsel all responsive documents in Plaintiffs' possession, custody, or control. (*Id.*).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court may issue appropriate sanctions when a party fails to comply with discovery orders. The Court has broad discretion in issuing the appropriate sanction. However, a case-dispositive sanction is appropriate only if the plaintiff's noncompliance is "due to willfulness, bad faith or fault." *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993) (citation omitted). This requirement does not require a finding of wrongful intent or any particular mental state. Rather, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just[.]" *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The factors are as follows:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

*Id.* (footnotes omitted). The Ninth Circuit has explained that the above "'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Id.* "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties

will ever have access to the true facts." *Id.* at 1097 (internal quotation marks and citation omitted).

The discovery at issue in Defendants' Motion to Dismiss was propounded on June 21, 2017, prior to the parties' Rule 26(f) meeting. In their brief opposing the Motion to Dismiss, Plaintiffs correctly explain that under Federal Rule of Civil Procedure 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." (Doc. 51 at 3-4). Here, the parties did not obtain a Court order to begin discovery prior to the Rule 26(f) conference. Further, there is no evidence that the parties stipulated to commencing discovery prior to conferring pursuant to Rule 26(f).

Defendants' June 21, 2017 discovery requests were prematurely propounded.[2] In addition, Defendants do not explain why they waited until after the expiration of the discovery deadline to file their Motion to Compel.[3] Yet as Plaintiffs rightly concede, Plaintiff's "could have, and should have, handled this discovery issue in a better manner." (Doc. 51 at 5). But the Court does not find that Plaintiffs have so damaged the integrity of the discovery process that there is no assurance that the case can proceed on the true facts. *See Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1097 ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate."). After considering the five-part test explained above, the Court does not find that the record in this case supports the issuance of terminating sanctions. As such, Defendants' Motion to Dismiss (Doc. 50) will be denied. The Court will set a telephonic conference to discuss the status of the case and amendment of the pretrial deadlines.

---

[2] Defendants' Motion to Compel (Doc. 43) did not expressly alert the Court that the discovery was propounded prior to the parties' Rule 26(f) meeting.

[3] The Court's Case Management Order provides that the April 2, 2018 discovery deadline includes resolution of discovery disputes. (Doc. 39 at 2 n.2).

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendants' "Motion to Dismiss Plaintiffs' First Amended Complaint with Prejudice" (Doc. 50).

**IT IS FURTHER ORDERED** setting a telephonic Status Conference for **September 27, 2018 at 2:00 p.m.** Counsel for Plaintiffs shall initiate the call to chambers (602-322-7620).

Dated this 20th day of September, 2018.

*Eileen S. Willett*
United States Magistrate Judge